UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BRIAN PORTEOUS, | No. 2:15-cv-1817 GEB KJN P |
| Petitioner, | |
| v. | ORDER |
| RAY FISHER, JR., Warden,, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On October 29, 2015, respondent filed a motion to dismiss this action on the grounds that it is barred by the statute of limitations because it was filed over seventeen years too late.[1] Petitioner now seeks an extension of time to oppose the motion, as well as appointment of counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

////

---

[1] Court records reflect that petitioner previously filed a pro se petition for writ of habeas corpus on February 29, 2000. Porteous v. People of the State of California, Case No. 2:00-cv-0431 GEB DAD (E.D. Cal.). On July 20, 2000, this prior action was dismissed based on petitioner's failure to exhaust his state court remedies. Id.

1

Petitioner was convicted on May 31, 1996. Thus, in his opposition to the motion to dismiss, he must demonstrate that he is entitled to equitable tolling. In his petition, petitioner alleges that his mental health is unstable, and that he has been on "some type of psychiatric medication" since he was initially incarcerated. (ECF No. 1 at 39.) Petitioner now claims that he is bi-polar, and suffers from manic depression and PTSD. (ECF No. 15 at 4.)

Mental incompetency can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003); see also Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) (represented petitioner's mental incompetency rendered him unable to assist his attorney in the preparation of the petition). However, equitable tolling based on mental incompetence is limited to the extraordinary circumstance of complete "mental incapacity." Lawrence v. Florida, 549 U.S. 327, 337 (2007). The Ninth Circuit has held that equitable tolling is permissible when a petitioner can show mental impairment so severe that he was (1) unable to personally understand the need to either timely file or prepare a petition and (2) that the impairment made it impossible under the totality of the circumstances to meet the filing deadline, whether of his own accord or with assistance, despite due diligence. Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010); see also Orthel v. Yates, 795 F.3d 935 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

In his request, petitioner alleges that his numerous psychologists will have to testify concerning his mental health throughout his incarceration. (ECF No. 15 at 5.) However, the court has not yet determined that such hearing is required. Petitioner must first show that he suffered a severe mental impairment, which he can accomplish by providing mental health records that so demonstrate. But petitioner must also demonstrate how such mental impairment affected his ability to diligently meet the filing deadline. As petitioner concedes in his petition, the petition was filed almost 20 years after he was convicted. (ECF No. 1 at 40.)

In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. However, petitioner is granted an extension of time in which to oppose the motion to dismiss. Petitioner is cautioned that failure to oppose the motion may result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 15) is denied without prejudice;

2. Petitioner's motion for an extension of time (ECF No. 13) is granted; and

3. Petitioner shall file and serve his opposition to the motion within thirty days from the date of this order.

Dated: December 8, 2015

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

port1817.110+111