UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BRIAN PORTEOUS,<br><br>               Petitioner,<br><br>     v.<br><br>RAYTHEL FISHER, JR., Warden,<br><br>               Respondent. | No. 2:15-cv-1817 GEB KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for habeas corpus. On August 10, 2016, the undersigned denied petitioner's motion to compel production of further medical records, and recommended that respondent's motion to dismiss this action be granted as barred by the statute of limitations. On the same day, petitioner filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure based on respondent's alleged failure to provide medical and mental health records. His filing totaled 425 pages, including plaintiff's 110 page motion, 18 page declaration, and 291 exhibits. (ECF No. 34.) Accompanying his voluminous filing was petitioner's 18 page application for enlargement of the page limit to file such a long motion, including his jailhouse lawyer's declaration. (ECF No. 35.) Petitioner renews his arguments that respondent failed to provide petitioner with all of his medical records, heavily relying on court rulings in Coleman v. Wilson, 912 F.Supp. 1282 (9th Cir. 1995), regarding inadequate mental health care and inadequate record-keeping by the California Department of

1  Corrections and Rehabilitation ("CDCR"), as well as citing petitioner's jailhouse lawyer Snow's
2  personal experience with inadequate record-keeping.  Petitioner seeks an order for sanctions
3  based on the alleged failure to provide such medical records.  Petitioner argues that respondent
4  acted in bad faith by failing to take reasonable steps to obtain petitioner's records from the county
5  jails.
6      However, at the time Mr. Snow mailed the 425 page filing on August 5, 2016, petitioner
7  did not have benefit of the court's ruling on petitioner's motion to compel production of the
8  medical and mental health records.  Because petitioner's motion to compel was denied, there is no
9  basis for an order imposing sanctions.[1]  Moreover, petitioner did not have benefit of the court's
10 findings and recommendations which also addressed the alleged missing records.  Therefore,
11 petitioner's motion for sanctions is denied without prejudice, and his request to exceed the page
12 filing limit is also denied.
13     On August 25, 2016, petitioner filed an 85 page request for extension of time to file
14 objections to the August 10, 2016 findings and recommendations.[2]  Good cause appearing,
15 petitioner's request for extension of time is granted.
16 ////

---

[1] Petitioner also argued the merits of respondent's motion to dismiss, despite the fact that briefing on the motion closed on March 17, 2016.  (ECF No. 25 ["no further briefing is permitted by either party."])  For example, he contends that he has suffered from severe mental disorders since he was 8-9 years old, while housed in the San Joaquin County Jail in 1995 and 1996, in the Sacramento County Jail in 1997 and 1998, and since he arrived in state prison on or about June 7, 1996 (ECF No. 33 at 10), and it was not until August of 2014 that his severe mental disorders and side effects from the medications were under adequate control such that he could exercise due diligence or understand the need to conduct research as to his claims (ECF No. 33 at 11).  He argues that had he been able to obtain a complete copy of his medical and mental health records from 1992 through 1998, he would have sufficient documentation to show that he was suffering severe mental disorders when he returned to state prison on or before February 19, 1998, and that mental health professionals would not have removed him from the mental health treatment program, but instead would have put him in a higher level of care.  (ECF No. 33 at 17-18.)

[2] Petitioner also includes arguments concerning the merits of the motion addressed in the findings and recommendations, as well as the merits of his underlying habeas claims, including 10 pages from his first amended petition filed herein.  Petitioner is cautioned that he does not need to re-file documents previously filed with the court.  He may simply refer to previously-filed documents as they remain in the court's record for reference by any party and the court.

The court notes that petitioner's filings are, in large part, being drafted and submitted by his jailhouse lawyer, Stephen F. Snow.  Thus, petitioner and Mr. Snow are cautioned to exercise restraint in how objections to the findings and recommendations are drafted, and to avoid redundant and excess verbiage.  For example, the court would have granted plaintiff's request for extension of time based on the first three pages of the 81 page request for extension; Mr. Snow's 30 page declaration was not required.  Moreover, Mr. Snow has now documented his own experience in jailhouse lawyering in this case; he should focus the objections on the facts of petitioner's case.  Also, decisions issued in Coleman, Case No. 90-cv-0520 KJM DB (E.D. Cal.), the civil rights class action governing mental health care in California state prisons, are not binding in this habeas action.  While petitioner may cite to Coleman decisions as persuasive authority, this court is bound by Ninth Circuit decisions in habeas actions addressing the evaluation of equitable tolling claims based on an inmate's mental impairments.  For example, Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010); see also Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015).  Petitioner is cautioned that he should focus his arguments on the elements required to show he is entitled to equitable tolling, and the specific facts in support thereof, and is reminded that suffering from a severe mental disorder and being prescribed psychotropic medications, standing alone, is insufficient.  (ECF No. 32 at 9.)

The undersigned has considered whether to impose a page limit on petitioner's objections.  However, in light of the voluminous medical records addressed in the findings and recommendations, declines to do so.  But petitioner is discouraged from submitting objections that exceed 25 pages.  If petitioner contemplates submitting another voluminous filing, he should seek leave of court to do so before submitting the voluminous document, not with the filing.

Finally, petitioner also moved to substitute Scott Kernan, Secretary of the CDCR, as respondent, claiming that Ray Fisher, Jr., is no longer warden of Valley State Prison.  However, the CDCR website reflects that Mr. Fisher remains warden at VSP.  Thus, petitioner's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for sanctions (ECF No. 33) is denied without prejudice;

2. Petitioner's motion for enlargement of page limit (ECF No. 34) is denied;

3. Petitioner's request for an extension of time (ECF No. 35) is granted;

4. Petitioner shall file objections to the findings and recommendations within thirty days from the date of this order; and

5. Petitioner's motion to substitute respondent (ECF No. 31) is denied without prejudice.

Dated:  September 6, 2016

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

; port1817.111